**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALAN MOON,
Petitioner-Appellant,

v.

W. J. THOMPSON, in his official

capacity as Warden, Federal
Correctional Institution,
Morgantown, West Virginia,
Respondent-Appellee.

No. 97-6247

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
William M. Kidd, Senior District Judge.
(CA-96-158-1)

Submitted: September 29, 1998

Decided: October 22, 1998

Before MURNAGHAN, WILKINS, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan Moon, Appellant Pro Se. Rita R. Valdrini, Assistant United
States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alan Moon appeals the district court's order denying relief on his 28 U.S.C. § 2241 (1994) petition. Moon asserts that the Bureau of Prisons erred in finding him ineligible for a sentence reduction under 18 U.S.C.A. § 3621(e)(2) (West Supp. 1998), based on his prior conviction for a violent offense. According to Moon, his firearm conviction, in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1998), was a nonviolent offense and should not have disqualified him from consideration for a reduction. In support, Moon points to 28 C.F.R. § 550.58 (1995), which defines the term "nonviolent offense" by reference to the definition of "crime of violence" in 18 U.S.C. § 924(c)(3) (1994). The definition in § 924(c)(3) would not include Moon's firearm offense as it did not involve the use or threat of physical force against another.

However, while Moon's appeal was pending, the Bureau of Prisons ("BOP") adopted a revised § 550.58, which abandons reference to § 924(c)(3) and explicitly includes possession of a firearm in its determination of disqualifying offenses. See 28 C.F.R. § 550.58 (1997). Accordingly, Moon's case is governed by our recent decision in Pelissero v. Thompson, ___ F.3d ___, 1998 WL 559663 (4th Cir. Sept. 3, 1998), where we held that revised § 550.58 applied to cases pending on the date of enactment. We further found that revised § 550.58 was a valid exercise of the BOP's discretion under § 3621(e).

Pelissero renders most of Moon's contentions moot. Moon's remaining claims are meritless. We therefore affirm the district court's denial of Moon's § 2241 petition on the reasoning in Pelissero. We grant Moon's motion to consider newly-discovered caselaw. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2